[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13040
Non-Argument Calendar
_____

Agency No. 25740-11L


JACK E. ROBINSON,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.


_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(July 22, 2014)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Jack E. Robinson appeals the tax court's grant of summary judgment in favor of the Commissioner of the Internal Revenue Service (IRS).  Robinson argues that the IRS failed to provide him either a telephonic or in-person collection due-process (CDP) hearing and that we must remand his case to allow the IRS to conduct such a hearing.  Robinson further argues that, because the tax court failed to apply the correct standard of review or to state the standard of review it applied, we must remand.  Upon review,[1] we reject Robinson's arguments and affirm.

## I.  BACKGROUND

This case arose when the IRS sent Robinson a notice of its intent to levy his assets in order to satisfy his unpaid income tax liability.  In response, Robinson did not contest his tax liability, but he did submit a request for a CDP hearing indicating that he was interested in discussing a collection alternative to the IRS's proposed levy.  The IRS responded by requesting Robinson provide certain information necessary for the IRS to consider a collection alternative (e.g., bank statements, proof of necessary living expenses, etc.) and by scheduling a CDP hearing for September 27, 2011.  Robinson subsequently telephoned the IRS to request a later date and an in-person CDP hearing.  The IRS agreed to postpone the CDP hearing until October 12, 2011, but informed Robinson that it could only schedule an in-person CDP hearing once he provided the information that had

---

[1] "We review the Tax Court's factual findings for clear error and its legal conclusions de novo."  *Creel v. Comm'r of Internal Revenue*, 419 F.3d 1135, 1139 (11th Cir. 2005).

previously been requested.  The IRS also reminded Robinson that it would not approve a collection alternative unless he submitted the requested information in advance of the CDP hearing.

Robinson never submitted the information the IRS had requested, and on the date of the scheduled telephonic CDP hearing, Robinson did not call in as directed. As a result, the IRS dismissed his petition for a collection alternative and sustained the levy action as initially proposed.  Robinson appealed this decision to the tax court, and the tax court ultimately granted the IRS Commissioner's motion for summary judgment.

## II.  DISCUSSION

*A.    The IRS's Failure to Provide a Hearing*

While the IRS may not levy the property of a taxpayer without first providing notice of the right to a hearing, 26 U.S.C. § 6330(a)(1), these hearings are not bound by the formal hearing requirements of the Administrative Procedure Act and can take place in-person, over the phone, or in writing, 26 C.F.R. § 301.6330-1(d)(2).  Ordinarily, the IRS will grant an in-person hearing pursuant to a non-frivolous request, but when a taxpayer requests a hearing for the purpose of discussing collection alternatives, the IRS generally does not grant an in-person hearing until the taxpayer, having had an opportunity to do so, provides certain financial information demonstrating his eligibility for a collection alternative.  *Id.*

3

In light of these policies, Robinson's argument concerning the IRS's failure to provide a hearing is frivolous.  The IRS provided Robinson with a telephonic CDP hearing pursuant to applicable regulations, but Robinson failed to call in so that he could participate.  Robinson can show no entitlement to an in-person CDP hearing, particularly given his failure to comply with the IRS's request for information, so the telephonic hearing the IRS attempted to hold was satisfactory. *See Murphy v. Comm'r of Internal Revenue*, 469 F.3d 27, 30 (1st Cir. 2006) (explaining that "no face-to-face meetings are necessary" in the CDP hearing process); *Kindred v. Comm'r of Internal Revenue*, 454 F.3d 688, 691 n.4 (7th Cir. 2006) ("[CDP] hearings are informal affairs.  Indeed, the regulations provide that no transcript need be created and that the hearing itself may be conducted via telephone or the mail.").

B.      *The Tax Court's Failure to State Its Standard of Review*

Robinson's second argument is also frivolous.  Robinson has cited no authority establishing a tax court's obligation to explicitly state the standard of review it applies, and nothing in the tax court's decision indicates that applied an incorrect standard or that it would have reached a different result applying de novo review.  Moreover, Robinson invited the tax court to apply an abuse-of-discretion standard by stating in his response to the Commissioner's motion for summary judgment that his case should be reviewed for "(arguably) abuse of discretion."

4

Even assuming the tax court erroneously applied an abuse-of-discretion standard, we will not fault the tax court for an error Robinson invited. *See Fed. Trade Comm'n v. AbbVie Prods. LLC*, 713 F.3d 54, 66 (11th Cir. 2013).

## III.  CONCLUSION

In light of the foregoing, we affirm the tax court's grant of summary judgment to the IRS Commissioner.

**AFFIRMED.**